Azizy v Hunts Point Terminal Produce Coop. Assn., Inc.

2026 NY Slip Op 02054

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Mahbub Azizy et al., Appellants,

v

Hunts Point Terminal Produce Cooperative Association, Inc., et al., Respondents.

Decided and Entered: April 07, 2026

Index No. 27477/16|Appeal No. 6291|Case No. 2025-03673|

Before: Scarpulla, J.P., Friedman, Shulman, Rodriguez, Rosado, JJ.

Sullivan Papain Block McManus Coffinas & Cannavo, PC, New York (Christopher J. DelliCarpini of counsel), for Mahbub Azizy and Zarlast Azizy, appellants.

Turck Law, P.C., New York (Shawn A. Turck of counsel), for Khalil Mohammad, appellant.

Abrams, Gorelick, Friedman & Jacobson, LLP, New York (Steven DiSiervi of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered June 6, 2025, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Plaintiffs allege that while they were working at the Hunts Point Terminal Market in the Bronx, they were assaulted and seriously injured by four men wearing masks and wielding baseball bats. Plaintiffs commenced this action seeking damages for negligence, asserting that the incident was foreseeable given previous criminal activity at the Market, and that defendants breached their duty to provide the necessary security there.

Defendants failed to establish prima facie entitlement to summary judgment because they failed to eliminate issues of fact as to whether they negligently breached their duty to adequately secure the premises, and whether the resulting attack was a foreseeable consequence of the allegedly inadequate security (see Scurry v New York City Hous. Auth., 39 NY3d 443, 454 [2023]; Tamimu v River Park Assoc., 8 AD3d 93, 94 [1st Dept 2004]). The record discloses, for example, evidence that entrants into the Market are required to show identification, yet two of the assailants were able to sneak into the premises without being stopped or showing any identification.

[*2]

Moreover, although the targeted nature of a crime may be relevant to a proximate cause analysis, the sophisticated and calculated nature of the attack in this case does not, as a matter of law, sever any proximate causal link between defendants' negligence and plaintiffs' injuries (Scurry, 39 NY3d at 450). Rather, whether an intervening act is foreseeable under the circumstances generally is for the factfinder to resolve (id.). Defendants' argument that they are entitled to summary judgment because the attack would have occurred even if stricter security measures had been implemented cannot be resolved as a matter of law. As the Court of Appeals has noted, hypotheticals about what would have occurred in the presence of different, stronger security measures are quintessentially questions of fact to be resolved at trial" (id. at 456-457).

We have considered defendants' remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026